UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMICA LIFE INSURANCE CO., ET AL.

CIVIL ACTION

VERSUS

NO. 10-067-JJB-CN

LATANGIA C. WHITE, ET AL.

### RULING AND ORDER

This matter is before the Court on a motion to discharge in interpleader and for attorney's fees (doc. 11) filed by plaintiff, Amica Life Insurance Company ("Amica"). Defendant Latagnia Conway White ("White") filed an opposition (doc. 21) as did defendant Rodgrika Quarles ("Quarles") (doc. 22). Defendant Lisa Long ("Long") did not file an opposition. Amica filed a reply (doc. 25). The Court has jurisdiction pursuant to 28 U.S.C. § 1335. There is no need for oral argument. For the following reasons, the Court GRANTS plaintiff's motion and awards attorney's fees in the amount of $2,774.50.

This case involves a dispute over the proper recipient of a life insurance policy issued by plaintiff, insuring the life of Carlos White (the "decedent"). In January, 2010, plaintiff, faced with three competing and conflicting claims, filed this action for interpleader pursuant to the federal interpleader statute 28 U.S.C. § 1335. A default has been entered by the Clerk of Court against Long in this matter as no pleading was filed by her.[1]  As the case currently stands now, defendants White and Quarles no longer contest how the proceeds of the life

---

[1] *See* Order 1 (doc. 23).

C: Finance

insurance policy should be disbursed.  After reviewing the Policy Endorsement on the decedent's life insurance policy given to them by plaintiff, both defendants, in their oppositions to this motion, agree that the funds should be disbursed equally between the three defendants in this matter.[2]

Plaintiff moves to be discharged from this litigation and to be awarded reasonable attorney's fees.  The defendants do not oppose plaintiff's request to be discharged.  The defendants, however, do oppose plaintiff's request for attorney's fees in this matter because they argue that the interpleader action was unnecessary from the start.

Even though the defendants do not oppose plaintiff's motion to be discharged, the Court must nevertheless must determine if it is appropriate under 28 U.S.C. §§ 1335, 2361.  Generally, a statutory interpleader action under 28 U.S.C. § 1335 has two phases.  *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).  First, the Court must determine whether the action meets the requirements under § 1335 by determining if there is a solitary fund at issue in the amount of $500 or more and if there are adverse claimants, of minimal diversity, to that fund.  *Id.;* 28 U.S.C. § 1335.  Second, the Court must determine the rights of the claimants to that fund.  *Id.*  After completing these two phases, the Court may discharge the plaintiff of liability pursuant to 28 U.S.C. § 2361.

The present case satisfies the requirements under § 1335.  As an initial matter, the proceeds from the life insurance policy are $100,000, well over the

---

[2] *See* Amica Life Insurance Company Policy Endorsement 1 (doc. 22-1).

$500 minimum.   Also, the adverse parties satisfy the minimal diversity requirement as White is a Louisiana citizen and Quarles is an Alabama citizen. Additionally, the rights of these parties have been determined because the defendants are all in agreement as to how the funds should be disbursed. Finally, although it has not done so yet, the plaintiff is willing to deposit the proceeds into the Court's registry upon issuance of an order from this Court. Accordingly, the Court finds that the plaintiff is discharged from liability under 28 U.S.C. § 2361 because the requirements of 28 U.S.C. § 1335 are satisfied.

The Court must also address the issue of attorney's fees in this matter.  As a general rule, the Court has the authority to award reasonable attorney's fees in interpleader matters.  *Id.* at 603.  The amount of fees awarded is in the discretion of the Court, and fees are appropriate in such matters where the interpleader is a disinterested stakeholder not in substantial controversy with a claimant.  *Id.*  The following are relevant factors to evaluate in determining whether to award attorney's fees to an interpleader-plaintiff:   "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings."  *Royal Indem. Co. v. Bates*, 307 Fed. App'x 801, 806 (5th Cir. 1999).

In sum, the plaintiff moves for $9,203 in attorney fees as it claims this number represents a fair, reasonable, usual, and customary fee for the legal

services provided in this matter.[3]  Defendants White and Quarles both oppose an award of attorney's fees in this matter.  They argue that the interpleader action was unnecessary because it is clear from the Policy Endorsement made by the decedent that he intended the proceeds of the policy to be split among his three children.  Furthermore, when referencing the five factors listed above, they claim that the case is simple and could have been resolved easily in the beginning if plaintiff had diligently pursued this matter before resorting to an interpleader action for resolution.

With regard to the five factors listed above, the Court finds that they weigh in favor of awarding attorney's fees in this matter.  The plaintiff, a disinterested stakeholder seeking no benefit, diligently and in good faith initiated these proceedings.  Accordingly, the Court addresses whether plaintiff's fee request is reasonable, and if not, the Court must use its discretion to calculate a reasonable fee.

The Fifth Circuit uses the lodestar method when calculating attorney's fees. *Forbush v. J.C. Penny Co.*, 98 F.3d 817, 821 (5th Cir. 1996).  The lodestar is the product of the reasonable number hours expended on the action and the reasonable hourly rate for the attorney.  *Id.*  When analyzing the number of hours expended by the plaintiff's attorneys, the Court should eliminate all time that is "excessive, duplicative, or inadequately documented."  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  When analyzing the hourly rate charged by the

---

[3] Pl.'s Reply in Supp. of Mot. for Discharge in Interpleader 6 (doc. 25-2).

plaintiff's attorneys, the Court may adjust the rate such that it is in accordance with the market rates of the forum community.  *Watkins v. Fordice*, 7 F.3d 453, 458-59 (5th Cir. 1993).

In its analysis, the Court also considers the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Those twelve factors are:  (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Id.*

This case involved a simple interpleader matter concerning a life insurance policy, which should be in the normal course of business for the plaintiff, Amico, an insurance company.  Nevertheless, the primary attorney handling this matter billed 24.7 hours, which the Court finds to be an overly inflated amount that does not properly reflect the simplicity of this issue, especially considering the fact that defendants claim that plaintiff, before initiating this interpleader, never provided them with the Policy Endorsement, which clearly addresses the disbursement of

the life insurance policy.[4]   A matter as straightforward as this requires only a modest fee and a reasonable time investment.  *See, e.g., Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) (Recognizing that attorney's fees awarded to interpleader-plaintiffs should be modest because an interpleader action "does not usually involve any great amount of skill, labor or responsibility"); *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962) (Recognizing that an interpleader fee is generally a small amount to compensate for initiating the proceedings).

Accordingly, the Court has reviewed the plaintiff's timesheets submitted in their motion for attorney's fees.  After careful consideration, the Court finds that several of the hours billed are excessive and duplicative and thus require exclusion from consideration in calculation of a reasonable fee.  Namely, the Court excludes from the billable hours time centering on analysis and strategy with "MJ Miller," time spent working on and reviewing a settlement agreement, and all other time that is either duplicative or unrelated to the initiation of this interpleader action.  In sum, the Court finds that 15 billable hours is an appropriate and reasonable number for the attorney from Drinker, Biddle, and Reath, in addition to 1.8 paralegal hours billed.  The Court has also considered the hours submitted by Couhig Partners LLC, 1.4 attorney's hours and 1.9 paralegal hours, and finds them to be reasonable.

---

[4] Def.'s Mem. in Opp'n 2 (doc. 21).

Additionally, the Court must consider the hourly rate charged by the attorneys in this matter when calculating a reasonable fee award.  The Court finds that the hourly rate charged by the attorney from Drinker, Biddle, and Reath, $325 per hour,[5] is unreasonable considering the prevailing rate in the forum community, the Middle District of Louisiana.  Robert E. Couhig III, also an attorney for the plaintiff in this matter, charges only $150 per hour and is a well respected, experience member of the Louisiana bar.  The Court finds no reason why an associate from Philadelphia should be compensated at $325 per hour considering both the simplicity of this interpleader matter and the market range for associates in Louisiana.  Accordingly, the Court will calculate the attorney's fees at the respectable rate of $150 per hour and the paralegal's fees at $85, which is the same rate used by Couhig Partners, LLC.  In sum, the Court finds that the $9203 requested is unreasonable, and thus, it is reduced to the reasonable and appropriate fee of $2,774.50.

---

[5] Most of the time, the associate in this matter charges $325 per hour as his fee.  For 2.1 hours, however, he does charge a slightly lower rate of $290 per hour, which the Court still considers to be unreasonable.

Accordingly, the Court GRANTS Plaintiff's motion for discharge in interpleader and orders Plaintiff to deposit the proceeds from the decedent's life insurance policy, plus any applicable interest, into the Court's registry.  The Court also GRANTS Plaintiff's request for attorney's fees in the amount of $2,774.50.  Any request for costs, other than attorney's fees, must first be presented to the clerk of court pursuant to Rule 54 of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on July 2, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**